# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

NAPOLEON HARTSFIELD,

    Plaintiff,

vs.

STATE OF IOWA, IOWA
DEPARTMENT OF CORRECTIONS,
GARY MAYNARD, JOHN AULT,
JERRY BURT, WILLIAM SOUPENE,
CHARLES HARPER,

    Defendants.

No. C06-0124-LRR

ORDER

---

This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff submitted such application on August 29, 2006. Along with his application to proceed in forma pauperis, the plaintiff submitted a "motion for temporary restraining order and preliminary injunction with expedited relief requested." A motion is insufficient to commence a civil action. *See* Fed. R. Civ. P. 3 (indicating a civil action is commenced by filing a complaint); *see also* Fed. R. Civ. P. 8 (addressing general rules of pleading). Because the plaintiff did not file a complaint, the court is unsure what type of action the plaintiff intended to file. Although the Clerk's Office filed the plaintiff's "motion for temporary restraining order and preliminary injunction with expedited relief requested" as a 42 U.S.C. § 1983 action, it is more appropriately characterized as a 28 U.S.C. § 2254 action.[1] In light of the fact that the plaintiff did not file a proper complaint,

---

[1] The court notes that the plain language of the "motion for temporary restraining order and preliminary injunction with expedited relief requested" demonstrates that the
(continued…)

the court deems it appropriate to dismiss without prejudice the instant action. The Clerk of Court is directed to dismiss the plaintiff's action and to file and deny without prejudice the plaintiff's "motion for temporary restraining order and preliminary injunction with expedited relief requested." In addition, the Clerk of Court is directed to deny without prejudice the plaintiff's application to proceed in forma pauperis.

**IT IS SO ORDERED**.

**DATED** this 10th day of October, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1](…continued)
plaintiff is challenging the validity of his conviction or the length of his sentence or the disciplinary proceedings which resulted in the loss of good time credit. Construing the action as an application for habeas corpus relief under 28 U.S.C. § 2254, the plaintiff makes clear in his "motion for temporary restraining order and preliminary injunction with expedited relief requested" that he has failed to meet the exhaustion requirements of 28 U.S.C. § 2254(b)(1). The plaintiff states that he is still pursuing post-conviction relief in state court. Consequently, if the plaintiff had filed an action pursuant to 28 U.S.C. § 2254, he would not be entitled to relief.